[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10321

_____

D.C. Docket No. 1:12-cv-22307-JEM

MAIKER VAZQUEZ,

Petitioner - Appellant,

versus

SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2016)

Before MARCUS, DUBINA and MELLOY,* Circuit Judges.

MELLOY, Circuit Judge:

---

* Honorable Michael J. Melloy, United States Circuit Judge for the Eighth Circuit, sitting by designation.

State prisoner Maiker Vazquez appeals from the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In his petition, Vazquez claimed that the state trial court erred by admitting hearsay evidence in violation of his rights under the Sixth Amendment's Confrontation Clause. The district court found sua sponte that Vazquez was procedurally barred from bringing this claim because he had not exhausted available state court remedies. Because we find that the state waived exhaustion, we vacate the district court's order and remand for a decision on the merits of Vazquez's claim.

## I. Background

In 2001, Vazquez was involved in a drug deal which resulted in the death of another participant. As a result, the State of Florida charged Vazquez with first-degree murder, attempted first-degree murder, and attempted kidnaping with a firearm. During Vazquez's jury trial, a detective testified for the state about the murder investigation. In response to a question on cross examination by Vazquez's attorney, the detective indicated that Jackie Gonzalez, an acquaintance of Vazquez, told him about a plan between Vazquez and his co-defendant to kidnap the victim. Defense counsel objected to the detective's answer and moved for a mistrial. The trial court denied the motion and directed the jury to "disregard that last comment . . . it was not responsive to the question." Gonzalez did not testify at trial.

2

Ultimately, the jury convicted Vazquez of second-degree murder and attempted kidnaping. On August 3, 2007, the trial court sentenced Vazquez to 38 years in prison on the second-degree murder charge to be served concurrently with a term of 15 years in prison on the attempted kidnaping charge. Vazquez appealed his conviction to Florida's Third District Court of Appeal. The state appellate court denied relief. Vazquez v. State, 8 So. 3d 432, 434 (Fla. Dist. Ct. App. 2009). Vazquez also sought and was denied state postconviction relief.

Vazquez then filed the instant habeas corpus petition in the United States District Court for the Southern District of Florida on June 21, 2012. Vazquez alleged a number of issues, including ineffective assistance of counsel and a violation of his rights under the Sixth Amendment's Confrontation Clause. In response, the state presented arguments as to the merits of Vazquez's claims and expressly conceded that Vazquez had satisfied the exhaustion requirement.[1] The district court, adopting a magistrate judge's report and recommendation, concluded sua sponte that Vazquez had not exhausted his Confrontation Clause claim in the state courts. The district court, therefore, denied Vazquez's habeas petition. The

---

[1] Specifically, before the district court, the state noted: "The Claims of the subject petition have been raised at the state level by way of Petitioner's direct appeal and motion for post conviction relief. The denial [sic] of the claims were appealed and affirmed. Thus, the claims were fairly presented to the state court and are exhausted." Response to Order to Show Cause at 13–14, Vazquez v. Sec'y Fla. Dep't of Corr., 12-cv-22307-JEM (S.D. Fla. Sept. 14, 2012).

3

district court granted Vazquez a Certificate of Appealability as to his Confrontation Clause claim.

On appeal, Vazquez makes two alternative arguments regarding exhaustion: (1) the state waived its exhaustion defense by conceding that Vazquez had exhausted his state remedies and addressing the claims on the merits; and (2) Vazquez exhausted his state remedies by identifying his Confrontation Clause claim in a state court brief.

## II. Discussion

Generally, in order to bring a § 2254 habeas corpus petition in federal court, a petitioner must exhaust all state court remedies. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1343 (11th Cir. 2004); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied when the petitioner "present[s] the state courts with the same claim he urges upon the federal courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). If a petitioner fails to exhaust his federal habeas claims in state court, the result is procedural default, which bars habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Whether a claim has been properly exhausted is "a mixed question of law and fact that we review *de novo*." Mauk v. Lanier, 484 F.3d 1352,

1357 n.3 (11th Cir. 2007) (citing <u>Fox v. Kelso</u>, 911 F.2d 563, 568 (11th Cir. 1990)).

"[S]tates can waive procedural bar defenses in federal habeas proceedings," including exhaustion. <u>Hills v. Washington</u>, 441 F.3d 1374, 1376 (11th Cir. 2006) (per curiam). However, a state's mere "failure to raise exhaustion does not constitute a waiver under AEDPA, which mandates that '[a] State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, *expressly* waives the requirement.'" <u>McNair</u>, 416 F.3d at 1304 (emphasis added) (quoting 28 U.S.C. § 2254(b)(3)). Where a state waives exhaustion, the district court may consider the procedural bar sua sponte if "requiring the petitioner to return to state court to exhaust his claims serves an important federal interest." <u>Esslinger v. Davis</u>, 44 F.3d 1515, 1524 (11th Cir. 1995). In <u>Thompson v. Wainwright</u>, the Eleventh Circuit discussed several factors a district court may consider in exercising its discretion to accept or reject a state's exhaustion waiver, including:

> whether extensive or minimal fact finding is involved or only questions of law on an already adequate record and, if fact finding is involved, whether it may be done as part of a federal hearing required on other issues[;] . . . how long since petitioner's conviction and sentence were imposed, how long state exhaustion will require, and the comparative status of the dockets of federal and state courts[; and] . . . whether there are fundamental state policies at stake in the case or threshold issues of undecided state law.

714 F.2d 1495, 1509 (11th Cir. 1983).

The United States Supreme Court has examined whether waivers are effective in the habeas context with regard to the statute of limitations. In Day v. McDonough, the Court determined that a district court was permitted to raise sua sponte a statute-of-limitations defense because the state had inadvertently concluded the petition was timely and, thus, had not expressly waived the defense. 547 U.S. 198, 211 (2006). The Court attributed the state's failure to address the defense to "an inadvertent error, a miscalculation" of the statute-of-limitations period. Id. By contrast, in Wood v. Milyard, the Supreme Court found a court of appeals abused its discretion by sua sponte considering a timeliness issue when the state had "deliberately steered the District Court away from the question and towards the merits of [the] petition." 132 S. Ct. 1826, 1835 (2012). In other words, "the State knew it had an 'arguable' statute of limitations defense," but chose not to pursue it. Id.

On appeal, the state now claims its statement as to exhaustion, supra note 1, was an inadvertent mistake of fact and was not intended to expressly waive the exhaustion requirement. Based on our review of the state's district court brief, we presume that the state examined the state court record and, in doing so, affirmatively concluded it need not pursue an exhaustion defense. Unlike Day, the state's conclusion in the present case that Vazquez had exhausted his remedies did

6

not rely on a mistake of fact. If anything, the state's understanding of the law relating to the exhaustion requirement led to the conclusion that, correctly or not, pursuing the exhaustion defense would be without merit.[2] Therefore, we conclude the state was aware of the exhaustion arguments and communicated to the court its intention not to pursue them. See Wood, 132 S. Ct. at 1835. Thus, we conclude the state expressly waived exhaustion.

Further, in considering the exhaustion issue sua sponte, the district court did not point to any "important federal interest" or Thompson factors that required a rejection of the state's waiver. Instead, the district court purported to "correct" the state's mistake of fact by dismissing Vazquez's claim as procedurally barred. As we indicated above, to the extent a mistake may have occurred, the state's exhaustion waiver is more accurately characterized as a mistake of *law*. Accordingly, the district court erred in rejecting the state's express waiver and dismissing Vazquez's petition.

---

[2] Vazquez contends he satisfied the exhaustion requirement by (1) citing two Florida state cases involving federal Confrontation Clause issues; (2) citing the Sixth Amendment; and (3) stating that the state court "violate[d] [his] right to confront the witness[]" and "took away [his] rights under the confrontation clause." Whether these references to the Confrontation Clause constitute "makeshift needles in the haystack," McNair, 416 F.3d at 1303, or grounds sufficient to exhaust Vazquez's state law remedies is a close question that we need not decide in light of the state's concession.

Because the district court did not make alternative findings regarding the merits of Vazquez's claim, we vacate the district court's order denying habeas relief and remand for consideration of the merits of Vazquez's claim.[3]

## III. Conclusion

Based on the foregoing analysis, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

---

[3] Because we conclude that reversal is appropriate based on Vazquez's waiver argument, it is not necessary to reach his alternate argument that he did, in fact, present his claim to the state courts.