[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12027
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01586-PGB-TBS


JOHN HILL HAWTHORNE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
ATTORNEY GENERAL, STATE OF
FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 5, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

John Hill Hawthorne, a counseled Florida state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. This Court granted Hawthorne a Certificate of Appealability ("COA") on one issue: whether, in light of <u>Wilson v. Sellers</u>, 583 U.S. ____, 138 S. Ct. 1188 (2018), the District Court erred by not properly deferring to the state court opinion in denying two of Hawthorne's claims for habeas relief. After careful review, we vacate and remand in part and affirm in part the district court's denial of Hawthorne's § 2254 petition.

## I.

A jury convicted Hawthorne of second-degree murder with a weapon in violation of Fla. Stat. §§ 782.04(2) and 775.087(1). During the trial, the state presented and the trial court admitted evidence of Hawthorne's statements made during a custodial interrogation after he received the following <u>Miranda</u>[1] warning:

> And what I'm gonna do is you have the right to remain silent. I'm gonna read you your rights. You've heard them on TV before. I'm sure you've heard them. Anything you say can be used against you in a court of law. You have the right to an attorney, to talk to him before doing that, before questioning. If you can't afford one, one will be appointed to you. If you can't afford one, like I said, one will be provided to you.

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S. Ct. 1602 (1966).

After the jury returned a guilty verdict, the state court sentenced Hawthorne to 38-years imprisonment followed by five years of probation. Hawthorne appealed his conviction and sentence. On October 18, 2011, Florida's Fifth District Court of Appeal ("Fifth DCA") per curiam affirmed Hawthorne's conviction. Hawthorne v. State, 84 So. 3d 331 (Fla. 5th DCA 2011) (per curiam) (unpublished).

On December 12, 2012, Hawthorne filed a counseled motion for post-conviction relief in Florida state court under Florida Rule of Criminal Procedure 3.850. He raised seven claims of ineffective assistance of trial counsel not at issue in this appeal. On January 2, 2014, Hawthorne filed a counseled supplement to his Rule 3.850 motion, raising another claim of ineffective assistance of counsel. In the supplement, he argued his trial counsel was ineffective for failing to move to suppress the statements he made during the custodial interrogation because his Miranda warning was insufficient.

On April 21, 2014, Hawthorne filed a second counseled supplement to his Rule 3.850 motion, raising a ninth claim of ineffective assistance of counsel. In his second supplement, Hawthorne argued his trial counsel was ineffective for failing to move to suppress statements he made during the custodial interrogation because those statements were obtained in violation of the Sixth Amendment. Hawthorne explained that his family hired an attorney after he was taken into police custody; the attorney contacted the police department several times during the course of

3

Hawthorne's interrogation; and the officers denied Hawthorne access to and failed to advise him that his attorney was trying to reach him.

On January 7, 2015, the state court struck Hawthorne's supplemental claims as untimely, but with leave to amend. Hawthorne's post-conviction counsel then filed an amended supplement to Hawthorne's Rule 3.850 motion, explaining that although Hawthorne asked him to file both of the supplemental claims, he negligently failed to timely file them. As evidence, Hawthorne's post-conviction counsel attached a letter Hawthorne sent him within the two-year statute of limitations for Rule 3.850 motions. See Fla. R. Crim. P. 3.850(b). In the letter, Hawthorne requested his post-conviction counsel "please add" the Miranda warning claim but stated that the Sixth Amendment claim was "another thing [post-conviction counsel] might want to consider adding."

The state court denied both of Hawthorne's supplemental claims. For Hawthorne's Miranda warning claim, the state court ruled the Miranda warning, as given, reasonably conveyed his Miranda rights consistent with Florida v. Powell, 559 U.S. 50, 130 S. Ct. 1195 (2010), and Rigterink v. State, 66 So. 3d 866 (Fla. 2011). For Hawthorne's Sixth Amendment claim, the state court determined it was untimely because Hawthorne never affirmatively asked his post-conviction counsel to file it. Hawthorne appealed the state court's denial of his Rule 3.850 motion,

4

and the Fifth DCA per curiam affirmed.  Hawthorne v. State, 198 So. 3d 637 (Fla. 5th DCA 2016) (per curiam) (unpublished).

Hawthorne then filed a § 2254 petition in the district court, raising, among other things, his Miranda warning and Sixth Amendment claims for relief.  The district court denied Hawthorne's petition and dismissed his case with prejudice.  In doing so, the district court dismissed Hawthorne's Miranda warning claim for a different reason than the one articulated by the state court—that is, his counsel "strategically chose to use Hawthorne's statement to the police [for his] self-defense case" and "[r]easonable strategic decisions are virtually unchallengeable on habeas review."  Beyond that, the district court ruled the state post-conviction court reasonably determined Hawthorne's Sixth Amendment claim was untimely; Hawthorne failed to properly exhaust his state court remedies because the claim was untimely; and Hawthorne's failure to exhaust was not excused under Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012).  Hawthorne now appeals the district court's determinations regarding his Miranda warning and Sixth Amendment claims for habeas relief.

## II.

Our review of the district court's denial of Hawthorne's petition is "governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), which establishes a 'highly deferential

standard' for state court judgments." Pardo v. Sec'y, Fla. Dep't of Corr., 587 F.3d 1093, 1098 (11th Cir. 2009) (quoting Williams v. Allen, 542 F.3d 1326, 1336 (11th Cir. 2008)).  Under that standard,  a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state court.  Id.; 28 U.S.C. §§ 2254(d)(1), (2). An unreasonable application of federal law occurs when the state court arrives at a conclusion in conflict with a rule enunciated by the Supreme Court when confronted by "a set of materially indistinguishable facts," or identifies the correct governing legal rule, but "unreasonably applies that principle to the facts of the prisoner's case."  Cox v. McNeil, 638 F.3d 1356, 1360 (11th Cir. 2011) (per curiam) (quotation marks omitted).

     "We review de novo the District Court's decision about whether the state court's ruling was contrary to federal law, involved an unreasonable application of federal law, or was based on an unreasonable determination of the facts." Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 844 (11th Cir. 2011) (per curiam).  We also review de novo mixed questions of law and fact, such as claims of ineffective assistance of counsel or whether a petitioner exhausted his state court remedies before filing a § 2254 petition.  Pardo, 587 F.3d at 1098; Vazquez v.

Sec'y, Fla. Dep't of Corr., 827 F.3d 964, 967 (11th Cir. 2016).  We review findings of fact for clear error.  Pardo, 587 F.3d at 1098.

### III.

Hawthorne argues the district court erred in denying his Miranda claim because the district court failed to apply the "look-through requirement" articulated by the Supreme Court in Wilson.  He contends the district court erred in finding its own rationale to dismiss his Miranda claim.  We agree.

"When a district court reviews a state court's decision under AEDPA, it must first consider the claim as it was presented to the state court."  Whatley v. Warden, 927 F.3d 1150, 1181 (11th Cir. 2019); 28 U.S.C. § 2254(d)(1).  Next, the district court must consider the state court's decision, determining whether the state court unreasonably applied Supreme Court precedent or made an unreasonable determination of the facts.  Id.  Only if the district court determines the state court's decision "was based on an unreasonable application of Supreme Court precedent . . . [or] an unreasonable determination of the facts" can the district court review the claim de novo.  Id.

Wilson informs our analysis.  In Wilson, the Supreme Court explained that when the last state court to consider a constitutional issue provides a "reasoned opinion," district courts are to "review[] the specific reasons given by the state court and defer[] to those reasons if they are reasonable."  138 S. Ct. at 1192.  But

if the most recent state court opinion "does not come accompanied with those reasons," district courts must "look through" the decision to the last reasoned state court decision and presume the earlier one provides the relevant rationale. Id. (quotation marks omitted).

Under this precedent, the district court erred in denying Hawthorne's Miranda claim. The district court did not analyze, much less "look through" the Fifth DCA's decision to the rationale used by the state trial court to deny Hawthorne's Rule 3.850 motion. See id. Although the district court highlighted the state court's conclusion that "there was no reasonable probability that a motion to suppress would have been granted," the district court did not examine, discuss, or evaluate whether Hawthorne's Miranda warning was sufficient as a matter of clearly established federal law. When it failed to conduct this evaluation, the district court failed to do what AEDPA and precedent require district courts to do in reviewing § 2254 petitions. See Whatley, 927 F.3d at 1181. A district court must first begin with the claim presented before the state court and then determine whether the state court unreasonably applied Supreme Court precedent or unreasonably determined the facts. See id. Only then—and if the state court did so—can a district court undertake a de novo review of a petitioner's § 2254 claim. Here, the district court did no such thing and, instead, undertook a de novo review of Hawthorne's Miranda warning at the outset. In doing so, the district court erred.

8

Not so for Hawthorne's Sixth Amendment claim.  Hawthorne argues the district court erred in determining his Sixth Amendment claim was barred by Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012).   But because Hawthorne is an unsuccessful habeas petitioner, the scope of our review, absent exceptional circumstances,[2] is limited to the issues specified in the COA.  Williams v. McNeil, 557 F.3d 1287, 1290 nn. 3 & 4 (11th Cir. 2009); Kuenzel v. Allen, 488 F.3d 1341, 1343 (11th Cir. 2007) (per curiam).  This Court granted Hawthorne a COA on one issue pertaining to his Sixth Amendment claim—that is, "[w]hether the district court erred, in light of Wilson . . . by not properly deferring to the state court opinion denying Hawthorne's . . . Fla. R. Crim. P. 3.850 motion, such that it erred in denying [Hawthorne's Sixth Amendment claim] of his 28 U.S.C. § 2254 petition."  Our review, therefore, is limited to whether the district court erred in applying Wilson to Hawthorne's Sixth Amendment claim.

Hawthorne conceded before the district court he defaulted his Sixth Amendment claim.  The district court therefore did not need to "look through" the Fifth DCA's decision to analyze whether Hawthorne procedurally defaulted his Sixth Amendment claim.  See Wilson, 138 S. Ct. at 1192; see also Ylst v.

---

[2] On appeal, Hawthorne does not argue this is an "exceptional circumstance" that might warrant expanding his COA.  And we do not think it is one.  See Mays v. United States, 817 F.3d 728, 732–33 (11th Cir. 2016) (per curiam).  As a result, we decline to consider Hawthorne's Martinez arguments.

9

Nunnemaker, 501 U.S. 797, 111 S. Ct. 2590 (1991) (holding that if "the last reasoned opinion on [a habeas] claim explicitly imposes a procedural default," federal courts "will presume that a later decision rejecting the claim did not silently disregard that bar"). As a result, the district court did not err under Wilson here.

For these reasons, we vacate and remand Hawthorne's Miranda claim for the district court to determine whether the state court unreasonably applied Supreme Court precedent. However, we affirm the district court's denial of Hawthorne's Sixth Amendment claim because the district court committed no error under Wilson in reviewing it.[3]

**VACATED AND REMANDED IN PART AND AFFIRMED IN PART.**

---

[3] If the district court determines upon remand that the state court unreasonably applied Supreme Court precedent, the district court should undertake a de novo review of Hawthorne's Miranda warning claim. See Whatley, 927 F.3d at 1181. If the district court reaches this point of the § 2254(d) analysis, the district court may also consider in the first instance if an evidentiary hearing is necessary on the question of whether trial counsel strategically chose to use Hawthorne's custodial statements in his self-defense case.