[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10051
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62309-KMW


PAULIUS TELAMY,

Petitioner-Appellant,

versus

SECRETARY, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 3, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Paulius Telamy, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his *Brady v. Maryland*, 373 U.S. 83 (1963), claim as unexhausted in his 28 U.S.C. § 2254 petition.  We granted a certificate of appealability as to whether the district court erred in *sua sponte* rejecting the state's express waiver of exhaustion and dismissing Telamy's claim as procedurally barred, without considering the merits of whether a *Brady* violation occurred.  On appeal, Telamy argues that, under our holding in *Vazquez v. Sec'y, Fla. Dep't of Corr.,* 827 F.3d 964 (11th Cir. 2016), the district court erred by dismissing *sua sponte* his *Brady* claim as unexhausted, in light of the state's express exhaustion waiver.

We review a district court's decision to accept or reject a state's exhaustion waiver for abuse of discretion.  *See Thompson v. Wainwright*, 714 F.2d 1495, 1508-09 (11th Cir. 1983) (stating that a district court, in its discretion, may accept or reject a state's exhaustion waiver).  Generally, a petitioner must exhaust all state court remedies in order to bring a § 2254 petition in federal court.  *Vazquez,* 827 F.3d at 966.  The exhaustion requirement is met when the petitioner presents the state court with the same claim that he urges in the federal court, and, if he fails to exhaust his claim, the result is procedural default, which bars habeas relief.  *Id.*

We have held that states can waive procedural bar defenses, including exhaustion, in federal habeas proceedings, although a state's mere failure to raise

2

exhaustion does not constitute a waiver. *Id.* "Where a state waives exhaustion, the district court may consider the procedural bar *sua sponte* if requiring the petitioner to return to state court to exhaust his claims serves an important federal interest." *Id.* We have discussed several factors that a district court may consider in exercising its discretion to accept or reject a state's exhaustion waiver, including whether fact finding is involved, how long since petitioner's conviction and sentence were imposed, and the comparative status of the federal and state court dockets, among other things. *See Thompson*, 714 F.2d at 1509.

In *Vazquez*, a state petitioner filed a § 2254 petition, claiming a violation of his Sixth Amendment Confrontation Clause rights, and, in response, the state expressly conceded that he had exhausted that claim and addressed the merits of it. 827 F.3d at 965-66. The district court concluded *sua sponte*, however, that the petitioner had not exhausted his Confrontation Clause claim in state court and denied as barred his habeas petition. *Id.* We vacated and remanded, holding that the district court erred in *sua sponte* rejecting the state's express waiver and dismissing the petitioner's claim as procedurally barred. *Id.* at 967-68. Specifically, we determined that, in considering the exhaustion issue *sua sponte*, the district court did not point to any "important federal interest" or *Thompson* factors that required a rejection of the state's waiver. *Id.* at 967. Instead, the district court purported to "correct" the state's mistake of fact by dismissing the

3

petitioner's claim as procedurally barred. *Id.* However, we stated that, "to the extent a mistake may have occurred, the state's exhaustion waiver is more accurately characterized as a mistake of *law*," rather than a mistake of fact that the district court could correct *sua sponte*. *Id.* (emphasis in original).

The district court here erred by rejecting *sua sponte* the state's waiver of exhaustion without pointing to any important federal interest or *Thompson* factors to justify that decision. As in *Vazquez*, where the state conceded that the petitioner had exhausted his federal claim and the district court *sua sponte* rejected that waiver, the district court here *sua sponte* rejected the state's waiver, despite the state's explicit concession that Telamy had raised the *Brady* claim in his third Rule 3.850 motion, without pointing to any "important federal interest" or *Thompson* factor to justify that decision. *See id.* at 967-68. The record does not support the state's argument on appeal that it only conceded that he had raised a "similar claim." The state did not make any mention of a similar claim before the district court.

Moreover, the district court here, like the district court in *Vazquez*, rejected the state's waiver because it simply found the waiver to be "incorrect" and purported to correct that mistake. The state's waiver, however, cannot be characterized as a mistake of fact that the district court could correct. Based on a review of the state's response to Telamy's § 2254 petition, the state presumably

examined the state record, and, in doing so, affirmatively concluded that it did not need to pursue the exhaustion defense. *See Vazquez*, 827 F.3d at 967. Its understanding of the exhaustion requirement led it to the conclusion that pursuing the exhaustion defense as to Telamy's *Brady* claim was futile.

Although the state now argues on appeal, for the first time, that the *Brady* claim was so bare and conclusory that it could not determine exhaustion and truly waive it, it did not raise that specific defect in response to the § 2254 petition, but rather, affirmatively stated that Telamy had, in fact, raised that claim in his third Rule 3.850 motion. Thus, the state was aware of the exhaustion requirement and communicated to the court its intention not to pursue it, and its exhaustion waiver is properly characterized as a mistake of law, not of fact. The court erred by rejecting that waiver without considering the *Thompson* factors or any important federal interest. *See Vazquez*, 827 F.3d at 967-68. Accordingly, the district court erred by rejecting that waiver, and we vacate and remand.

**VACATED AND REMANDED.**