[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13106
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00490-WS-EMT

JOHNNY COPELAND,

Petitioner - Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 23, 2021)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Johnny Copeland ("Copeland"), a now counseled Florida prisoner, appeals from the district court's order denying his *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus.  The district court granted a Certificate of Appealability ("COA") on Copeland's first issue: whether the state court's sentence of life without parole on his first-degree murder conviction was unauthorized as a matter of state law and, therefore, unconstitutional as a matter of federal law.  Based on our review of the record and having the benefit of the parties' briefs, we dismiss the appeal as moot.

## I.

In 1979, following a jury trial in the circuit court for Wakulla County, Florida, Copeland was found guilty of one count of first-degree murder, one count of robbery with a firearm, one count of kidnapping, and one count of sexual battery with a firearm upon a person over the age of eleven years.  The circuit court sentenced Copeland to death on the murder count and imprisonment for his natural life as to each remaining count, with the life sentences to run consecutively to each other and to the death sentence.  The Florida Supreme Court affirmed the convictions but struck the sentence on the kidnapping count.  *See Copeland v. State*, 457 So. 2d 1012, 1018 (Fla. 1984).  In 1987, the United States Supreme Court vacated Copeland's death sentence on the murder count and remanded the case for further consideration pursuant to *Hitchcock v. Florida*, 481 U.S. 393, 398–

2

99, 107 S. Ct. 1821, 1824 (1987) (holding that it is unconstitutional for the sentencing judge to instruct an advisory jury not to consider, and for the sentencing judge to refuse to consider, evidence of non-statutory mitigating circumstances). *See Copeland v. Dugger*, 484 U.S. 807, 108 S. Ct. 55 (1987).

In 1992, on remand, Copeland entered a negotiated Sentencing Agreement, pursuant to which the state agreed to the imposition of a sentence of life imprisonment on the murder count, pursuant to Florida Statute Annotated ("FSA") § 775.082(1) (1977). In exchange, Copeland agreed (1) that a life sentence would be imposed on the murder count, (2) that the life sentence would run consecutively to the life sentences imposed in 1979 on the other counts, (3) that he waived all credit for time served on the murder count and agreed that the new life sentence would commence on the date it was imposed, and (4) that he would not seek or accept parole, clemency, or any other form of release from confinement. Importantly, Copeland acknowledged his understanding that he would be incarcerated for the balance of his natural life. Consistent with the oral pronouncement of the sentence, the written judgment stated Copeland's sentence as follows: For a term of Life—25-year minimum mandatory before eligibility for parole & pursuant to the Sentencing Agreement attached hereto. The judgment also stated that the sentence on the murder count would run consecutively to the sentences imposed in 1979 on the remaining counts. (R. Doc. 23-1.)

3

In 2014, Copeland moved to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), arguing that his sentence of life without parole for first-degree murder violated FSA § 775.082(1). Specifically, he argued that his sentence of life without parole created a sentence that was greater than authorized by state law. He claimed that when the state court re-sentenced him, the statute listed only two penalties for a first-degree murder conviction: (1) death, or (2) life with no possibility of parole for 25 years. *See* FSA § 775.082(1). Thus, he asserted that because his sentence was illegal, he was entitled to withdraw from the Sentencing Agreement.

In 2015, the state court denied relief, finding that Copeland waived his right to parole, something he was entitled to do, in exchange for the state removing the threat of the death penalty. However, in 2016, the state court entered an amended judgment, vacating the sentence on his kidnapping count and reflecting that Copeland's sentence for the murder conviction was "[f]or a term of natural life . . . pursuant to the sentencing agreement." (R. Doc. 23-2.) The judgment further noted that his life term would run consecutively to his sentences for his other convictions. Copeland appealed, *pro se*, to the Florida appellate court and raised four issues related to the merits of his Florida Rule of Criminal Procedure 3.800 motion. The appellate court affirmed *per curiam*. *See Copeland v. State*, 184 So.

3d 519 (Fla. Dist. Ct. App. 2015). Copeland then filed the instant habeas corpus petition in federal district court.

In 2019, while the current federal habeas petition was pending, Copeland filed in state court another motion to correct his illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The state court noted that the 2015 amended judgment and sentence "was entered in error" and that "a corrected amended judgment will be entered pursuant to [the court's] order." (R. Doc. 23, Supp. App. B at 3.) The state court entered a new amended judgment that ordered Copeland to be imprisoned "[f]or a term of life—25 year minimum mandatory before eligibility for parole & pursuant to [the] sentencing agreement attached hereto." (*Id.* Supp. App. C at 2.) Thus, as corrected in 2019 by the state court, Copeland's sentence complies with the applicable murder statute which requires that a person convicted of a capital felony "shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming parole eligible." Fla. Stat. § 775.082(1).

## II.

Mootness is jurisdictional and must be resolved before the merits of the case. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam). It is true, of course, that mootness can arise at any stage of litigation. *Steffel v. Thompson*, 415 U.S. 452, 459, n. 10, 94 S. Ct. 1209, 1216 n. 10 (1974). We review *de novo*

5

questions of jurisdiction, including mootness. *See United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005) (per curiam); *see also CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1268 (11th Cir. 2006) (noting that the court must consider issues about jurisdiction before it considers the merits of a case).

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies." U.S. CONST. ART. III, § 2. We have acknowledged that "the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability.'" *Soliman v. U. S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 621 (11th Cir. 1994)). "The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context." *Al Najjar*, 273 F.3d at 1335.

The mootness doctrine flows directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Our court has explained that a case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (quotation marks omitted). Thus, if events occur after

6

the filing of the appeal that deprive this court of the ability to give the appellant meaningful relief, the case is moot and must be dismissed. *Al Najjar*, 273 F.3d at 1336; *see also Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (holding that a case or controversy must exist at all stages of review); *Pacific Ins. Co. v. Gen. Deve. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994) (it is incumbent upon the court to consider issues of mootness *sua sponte*).

There is a narrow exception to the mootness doctrine when the challenged action is capable of being repeated and evading review, but this narrow exception applies only in exceptional circumstances. *Soliman*, 296 F.3d at 1242. Specifically, "the exception can be invoked only when (1) there is a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Id.* at 1242–43 (internal quotation marks and alteration omitted).

### III.

Based on our review of the record, we conclude that Copeland's appeal is moot. Copeland raised in his state 3.800 petition and in his federal habeas petition the claim of whether the state court's life sentence without parole was

unauthorized as a matter of state law.[1]  In addressing this issue in Copeland's Rule

3.800 petition, the state habeas court acknowledged that the 2015 judgment "was

entered in error." (R. Doc. 23-1, Supp. App. B.)  The state habeas court entered a

new amended judgment in 2019, while the current habeas appeal was pending, that

ordered Copeland to be imprisoned "[f]or a term of life—25 year minimum

mandatory before eligibility for parole & pursuant to [the] sentencing agreement

attached hereto."  (*Id.* at Supp. App. C at 2.)

Hence, Copeland's corrected sentence states that he is parole eligible after

25 years' imprisonment.  This corrected sentence is consistent with the applicable

murder statute, which requires that a person convicted of a capital felony "shall be

punished by life imprisonment and shall be required to serve no less than 25 years

before becoming parole eligible."  Fla. Stat. § 775.082(1) (1977).  With the

---

[1] "Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citing 28 U.S.C. § 2254(b)(1)). "In order to be exhausted, a federal claim must be fairly presented to the state courts." *McNair*, 416 F.3d at 1302. Copeland did not present a federal claim in state court. However, the state expressly waived the exhaustion defense by stating in its brief that the issue was exhausted. *See Vazquez v. Sec'y, Fla. Dep't of Corrs.*, 827 F.3d 964, 966 (11th Cir. 2016). The district court could have, but did not, consider the procedural bar *sua sponte*. *Id.* Although we do not rely on the exhaustion defense for our disposition of the case, our review of the record indicates that Copeland asserted only a state unauthorized sentence claim in his Rule 3.800 petition, not a federal claim, and, therefore, he did not exhaust this claim in state court. In the body of the discussion of this issue, Copeland references thirteen Florida state cases but no federal cases to support his argument. He made one passing reference to the Due Process Clause, which is insufficient to notify the state court that he was raising a federal claim. *See French v. Warden, Wilcox State Prison*, 790 F.3d 1259, 1271 (11th Cir. 2015) (holding that petitioner's Sixth Amendment confrontation clause claim was unexhausted where the state habeas petition used the word confrontation only once buried in a state law claim, relying on state precedent and only referenced the Sixth Amendment in a passing citation).

corrected sentence clarifying that Copeland is parole eligible after 25 years, the sentence is not unauthorized under Florida law as he contends. Copeland has no longer been sentenced to life without parole; rather, he is properly sentenced to life with a 25-year mandatory minimum before he becomes parole eligible. This is the exact sentence that was authorized by state law for a 1978 capital murder.

We cannot provide Copeland with the relief he requests because he has already received the requested relief: an authorized sentence pursuant to state law. As such, there is no live controversy or active case with respect to which we can give meaningful relief. *See Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1216–17. The state habeas court's correction of Copeland's sentencing judgment during the pendency of his federal habeas petition gave Copeland the relief he sought in his state Rule 3.800 petition and in his federal habeas petition, and we now cannot provide Copeland relief. *See Al Najjar*, 273 F.3d at 1336.

Accordingly, for the aforementioned reasons, we dismiss this appeal as moot and vacate the district court's judgment.

**APPEAL DISMISSED; JUDGMENT VACATED.**