[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12972

Non-Argument Calendar

_____

JOHN WILLIAM SNYDER,

Petitioner-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14273-RLR

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LUCK, Circuit Judges.

PER CURIAM:

John Snyder, a Florida prisoner, appeals *pro se* the dismissal in part and denial in part of his amended petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability regarding whether Snyder exhausted his federal claim that insufficient evidence supports his state convictions for sexual battery and molestation of a child under 12 years of age. We affirm.

Whether a claim has been exhausted in state court is a mixed question of law and fact that we review *de novo*. *Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016). Before filing a habeas petition, a petitioner must exhaust the state remedies available for challenging his conviction either on direct appeal or collateral review. 28 U.S.C. § 2254(b), (c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). Any federal claim must be "fairly presented" to the state courts so "that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citation and internal quotation marks omitted). And a petitioner "must make the state court aware that the claims asserted present federal constitutional issues." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

We have explained that a petitioner must first "afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *McNair*,

416 F.3d at 1302 (citation and internal quotation marks omitted). In *McNair*, we held that a petitioner who relied on state law and provided a single citation to a federal precedent and a reference to constitutional amendments in the conclusion of his brief did not fairly present the federal issue to the state court. *Id.* at 1303. In *Preston v. Secretary, Florida Department of Corrections*, we held that a petitioner failed to exhaust a federal claim of insufficient evidence by presenting an analogous claim under Florida law without referencing a federal constitutional provision, a federal precedent, or the standard under *Jackson v. Virginia*, 443 U.S. 307 (1979). 785 F.3d 449, 456–59 (11th Cir. 2015).

The district court correctly ruled that Snyder failed to exhaust his federal claim. Snyder's state appellate brief raised a sufficiency claim that relied exclusively on Florida law and failed to mention the standard under *Jackson* or any federal precedents. *See id.* And his single reference to the due process clauses of the state and federal constitutions in the closing paragraph of his argument failed to put the state court on notice of the federal issue. *See McNair*, 416 F.3d at 1303.

**AFFIRMED.**