**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-11878

Non-Argument Calendar

————————————

ROBERTO HERNANDEZ,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00293-KKM-MRM

————————————

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Hernandez appeals the district court's order deny-
ing his pro se petition for a writ of habeas corpus under 28 U.S.C.

§ 2254.[1]  A judge of this Court granted Hernandez a certificate of appealability on the following issue: "Whether the district court erred by finding that Grounds [One] and [Two] of Hernandez's 28 U.S.C. § 2254 habeas corpus petition were procedurally barred?" On appeal, Hernandez argues that his presentation of a sufficiency of the evidence claim in state court necessarily exhausted Grounds One and Two because a sufficiency claim under Florida law inherently raises a federal sufficiency claim.

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact *de novo,* and findings of fact for clear error." *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006).  Whether a claim has been exhausted in state court is a mixed question of law and fact that we review de novo. *Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016).

The federal standard of review for sufficiency of the evidence challenges "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  In

---

[1] While Hernandez also designated the district court's order denying his Fed. R. Civ. P. 59(e) motion in his notice of appeal, he does not discuss this order in his brief.  Accordingly, he has abandoned this issue on appeal, and we exclusively address the district court's order denying his § 2254 petition. *See Davis v. Sellers*, 940 F.3d 1175, 1186 (11th Cir. 2019) (explaining that a habeas petitioner abandons an argument on appeal by failing to plainly and prominently raise it in his appeal brief).

cases that do not rest wholly on circumstantial evidence, the standard of review for sufficiency of the evidence challenges under Florida law is whether, "after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

Furthermore, in Florida, "[a] defendant must preserve a claim of insufficiency of the evidence through a timely challenge in the trial court," and "[t]he motion or objection must be specific in order to preserve the claim for appellate review." *Young v. State*, 141 So. 3d 161, 165 (Fla. 2013); *see also* Fla. Stat. § 924.051(3). In sufficiency cases, "[t]here are two exceptions to the requirement that a timely objection be made to the trial court: (1) where the defendant is sentenced to death; and (2) where the evidence is insufficient to show that a crime was committed at all." *Young*, 141 So. 3d at 165. "As to the second exception, if the defendant is convicted of a crime where the evidence does not demonstrate that a crime has been committed at all, this constitutes a fundamental error, an error that reaches to the foundation of the case and is equal to a denial of due process, and therefore need not be preserved at trial." *Id.* (quotation marks omitted); *see also* Fla. Stat. § 924.051(3).

"Federal habeas review of a petitioner's claim is typically precluded when the petitioner procedurally defaulted on or failed to exhaust the claim in state court." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012). Under the doctrine of proce-

dural default, "[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim," but only if "the state procedural ruling rests upon [an] independent and adequate state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (quotation marks omitted).

In *Bennett v. Fortner*, we stated that, "[t]o a point," we "presume[] that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default." 863 F.2d 804, 807 (11th Cir. 1989). In a decision issued shortly after *Bennett*, the Supreme Court held that "a procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quotation marks omitted). In doing so, the Supreme Court rejected the State's argument that, "if a state-court decision is ambiguous as to whether the judgment rests on a procedural bar, the federal court should presume that it does." *Id.* at 263–64.

The Supreme Court later cautioned against reading *Harris*'s rule "too broadly" and explained that, "[a]fter *Harris*, federal courts on habeas corpus review of state prisoner claims . . . will presume that there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when

the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722, 734–35 (1991) (quotation marks omitted).

We have incorporated the rule from *Harris* into a three-part test to assess when a state's procedural ruling constitutes an independent and adequate state ground: (1) "the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim"; (2) "the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law"; and (3) "the state procedural rule must be adequate," meaning that it "must not be applied in an arbitrary or unprecedented fashion." *Judd*, 250 F.3d at 1313; *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

As to whether a state decision reaches the merits of a claim, the Supreme Court has held that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 562 U.S. 86, 96, 100 (2011). Citing *Harris*, it explained that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. Additionally, in determining whether an unexplained decision rests primarily on federal law, relevant factors include the nature of the disposition itself, such as whether the case was dismissed or denied, and the

surrounding circumstances, such as whether "the State . . . rest[s] its argument entirely upon a procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

A habeas petitioner's federal claims will be procedurally barred if he failed to exhaust them in state court. *Vazquez*, 827 F.3d at 966; *see also* 28 U.S.C. § 2254(b)(1). To properly exhaust a claim, a petitioner "must make the state court aware that the claims asserted present federal constitutional issues." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). While a petitioner need not "use magic words or talismanic phrases to present his federal claim to the state courts" nor cite "book and verse on the federal constitution," he "must have put the state court on notice that he intended to raise a federal claim." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (quotation marks omitted); *see also McNair v. Campbell*, 416 F.3d 1291, 1303–04 (11th Cir. 2005).

For example, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Snowden*, 135 F.3d at 735 (quotation marks omitted). "A petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1353 (11th Cir. 2012).

In *Preston*, we held that a § 2254 petitioner failed to exhaust his federal sufficiency of the evidence claim as to his first-degree

murder conviction merely by presenting a sufficiency claim under Florida law. 785 F.3d at 456–57. There, the petitioner argued on direct appeal that the trial evidence was insufficient to prove premeditation beyond a reasonable doubt because it was merely circumstantial. *Id.* at 453. In his initial brief before the Florida Supreme Court, the petitioner did not cite the federal Constitution or any federal case, and instead "relied . . . on a panoply of Florida cases discussing the element of premeditation, as defined by state law." *Id.* at 458–59. As such, the State "did not refer to any federal cases or federal constitutional provisions" in its response, the petitioner's reply brief did not refer to federal law, and the Florida Supreme Court relied exclusively on Florida cases and Florida law in resolving the petitioner's challenge. *Id.* at 459. Under these circumstances, we held that the petitioner had failed to exhaust his federal sufficiency claim. *Id.*

In reaching this conclusion, we noted that the petitioner had argued that raising a state sufficiency claim sufficed to "exhaust an analogous and identical federal claim," and we observed that our unpublished decisions revealed disagreement on this point. *Id.* at 459–60. We then stated that "it is not at all clear that a petitioner can exhaust a federal claim by raising an analogous state claim." *Id.* at 460. We continued, "[S]imply mentioning a phrase common to both state and federal law, like sufficiency of the evidence, cannot constitute fairly presenting a federal claim to the state courts." *Id.* at 460 (quotation marks omitted); *see also Lucas*, 682 F.3d at 1352–53 (ruling that the petitioner's reference to the denial of his "constitutional right to confrontation of witnesses" in his state filings, alone,

was insufficient to exhaust a Sixth Amendment claim where the Florida Constitution also guaranteed a right to confrontation).

We remarked that it would be "surpassing strange to say that the Florida Supreme Court reached a decision that was contrary to, or involved an unreasonable application of *Jackson*" when the petitioner never presented *Jackson* in his state court filings. *Preston*, 785 F.3d at 460 (quotation marks omitted). We nonetheless concluded that we did not need to resolve the question because Florida applied a special standard to sufficiency challenges for convictions that turned on circumstantial evidence which "differ[ed] greatly from the federal standard." *Id.*

Normally, a federal court should dismiss a habeas petition that presents both exhausted and unexhausted claims without prejudice. *Snowden*, 135 F.3d at 736. "But, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless judicial ping-pong and just treat those claims now barred by state law as no basis for federal habeas relief." *Id.* (quotation marks omitted). In Florida, Rule 3.850 of the Florida Rules of Criminal Procedure provides a vehicle for state prisoners to seek post-conviction relief. Fla. R. Crim. P. 3.850(a). But "any matters which could have been presented on appeal are . . . foreclosed from consideration by motion" under Rule 3.850. *McCrae v. State*, 437 So. 2d 1388, 1390 (Fla. 1983); Fla. R. Crim. P. 3.850(c). Sufficiency claims can be raised on direct appeal in Florida. *See, e.g., Young*, 739 So. 2d at 555 n.5.

A habeas petitioner abandons an argument on appeal by failing to plainly and prominently raise it in his appeal brief. *Davis v. Sellers*, 940 F.3d 1175, 1186 (11th Cir. 2019). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). In the criminal context, we have ruled that we may consider forfeited issues sua sponte where "extraordinary circumstances" exist. *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022). And "we may affirm on any ground supported by the record." *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008) (quotation marks omitted).

Here, while Hernandez argues on appeal that Grounds One and Two were exhausted, his appeal fails for several separate and independent reasons. First, he fails to plainly and prominently challenge the district court's finding that the Florida Second District Court of Appeal's ("Second DCA") rejection of Grounds One and Two relied on an independent and adequate state ground, and his abandonment of this dispositive finding is fatal to his appeal. Second, the district court did not err in finding that the Second DCA rejected Hernandez's claims on an independent and adequate state ground, because the State's assertion of a state procedural bar during Hernandez's direct appeal to the Second DCA, coupled with Hernandez's apparent concession with respect to the procedural bar issue, indicates that the Second DCA's unexplained affirmance

rested on the state procedural bar. Third, although Hernandez argues that he clearly exhausted a Florida law sufficiency of the evidence claim and thus should be deemed to have exhausted the analogous federal law sufficiency claim, our decision in *Preston* undermines this argument. In *Preston*, we cast doubt upon a claim that a "petitioner can exhaust a federal claim by raising an analogous state claim." 785 F.3d at 460. However, we declined to decide that issue definitively because we noted that the Florida law sufficiency issue in that case turned on circumstantial evidence, and we recognized that "in cases turning on circumstantial evidence, the Florida standard for assessing a sufficiency of the evidence challenge differs greatly from the federal standard." *Id.* Thus, we readily concluded that Preston's exhaustion of his Florida law sufficiency claim (which relied on circumstantial evidence) did not exhaust a federal sufficiency of the evidence claim. We stated in *Preston*: "To the best of our knowledge, no court has said that a petitioner can exhaust a federal claim by bringing a similar state law claim governed by a less stringent legal standard." *Id.* at 462. As in *Preston*, Hernandez's sufficiency of the evidence claim turns on circumstantial evidence; thus, as in *Preston*, we cannot conclude that Hernandez has exhausted a federal sufficiency of the evidence claim. Under Florida's procedural rules, he can no longer exhaust his federal claims in state court and thus his federal sufficiency of the evidence claim is procedurally barred.

Finally, and wholly aside from any procedural default issue, our review of the record indicates there was substantial evidence of Hernandez's guilt with respect to both the kidnapping of Cabo

and his possession of a firearm in perpetration of the robbery and kidnappings, such that we could not conclude that Hernandez had a viable federal law challenge to the sufficiency of the evidence.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**